UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMER HAJ MOHAMAD,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. C26-242-MLP

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Amer Haj Mohamad is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. (Dkt. # 6.) Respondents oppose Petitioner's request for federal habeas relief. (*See* dkt. ## 9-11, 12-1.) The Court, having reviewed the parties' submissions and the governing law, GRANTS in part Petitioner's habeas petition (dkt. # 1).

## I.     BACKGROUND

### A.     Procedural Background

Petitioner filed his petition for writ of habeas corpus on January 22, 2026, challenging his immigration detention under the United States Constitution, the Immigration and Nationality Act

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 1

("INA") and its implementing regulations, the Convention Against Torture, and the Administrative Procedure Act. (*See* dkt. # 6.) Petitioner argues in his petition that: (1) his continued detention violates the Due Process Clause of the Fifth Amendment because there is no significant likelihood that he will be removed in the reasonably foreseeable future; (2) his redetention violated his due process rights and applicable regulations; (3) any attempt to carry out his removal to a third country requires notice and a meaningful opportunity to be heard in reopened removal proceedings, as mandated by statute and the Constitution; and (4) Respondents' third-country removal program is punitive in nature and execution is therefore unconstitutional under the Fifth and Eighth Amendments. (*See id.* at 24-30.)

Respondents filed a timely return to the petition on February 9, 2026 (*see* dkt. ## 9), together with the supporting declarations of ICE Deportation Officer Gennadiy Baz (dkt. # 10), and Respondents' counsel Jordan Steveson (dkt. #11). Respondents filed a corrected return on February 12, 2026, which is deemed the operative response in this matter. (Dkt. # 12-1.) Petitioner filed a reply to the return on February 13, 2026. (Dkt. # 13.) After reviewing the parties' materials, the Court determined that it required clarification of issues related to Petitioner's redetention and, on February 20, 2026, the Court issued an Order directing Respondents to supplement the record with declarations addressing certain points identified in the Order. (Dkt. # 14.) Respondents were directed to file their supplemental materials by March 6, 2026, and the Court established a deadline of March 13, 2026, for Petitioner to respond to those materials. (*See id.* at 3-4.)

On March 6, 2026, Respondents filed a motion seeking an extension of the deadline to file their declarations, a motion which Petitioner opposed.[1] (*See* dkt. ## 15-16.) Respondents

---

[1] Respondents' motion for an extension of the deadline to file their declarations (Dkt. # 15) is GRANTED.

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 2

submitted the declarations on March 10, 2026. (Dkt. # 17.) Respondents' supplemental submission included declarations from ICE Deportation Officer ("DO") Rosa Zamora, ICE Supervisory Detention and Deportation Officer ("SDDO") Matthew Hicks, and Assistant Field Office Director ("AFOD") Matthew Cantrell. (*See* dkt. ## 17-1, 17-2, 17-3.) On March 13, 2026, Petitioner filed a response to the supplemental materials, though Petitioner's counsel explained therein that the late filing of the declarations had impeded her ability to review the materials with Petitioner prior to the deadline for filing his response to the return and had precluded her from submitting a responsive declaration. (*See* dkt. # 18.) Because of Petitioner's inability to fully respond to Respondents' supplemental submission and additional gaps in the record relating to Petitioner's redetention, the Court scheduled an evidentiary hearing in this matter. On March 26, 2026, the day prior to the scheduled hearing, Petitioner filed a declaration in support of his earlier response to Respondents' supplemental materials. (Dkt. # 19.)

On March 27, 2026, the Court held an evidentiary hearing. (*See* dkt. # 20.) At the hearing, Petitioner relied upon his recently submitted declaration and did not testify. Respondents did not object to the filing of his declaration in lieu of direct testimony and declined to cross examination Petitioner. DO Zamora, SDDO Hicks, and AFOD Cantrell testified on behalf of Respondents. (*See id.*) Following the hearing, Petitioner's counsel submitted supplemental authority she had referenced during the hearing. (Dkt. # 21.) The record is now complete, and this matter is ripe for review.

### B.    Factual Background

Petitioner is a native and citizen of Syria. (*See* dkt. # 6 at 4; Steveson Decl., Ex. B at 1.) Petitioner unlawfully entered the United States near Rio Grande, Texas on October 4, 2022. (Steveson Decl., Ex. B at 2.) Petitioner was encountered by United State Border Patrol and

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 3

placed in expedited removal/credible fear proceedings. (*See id.*) On February 28, 2023, an immigration judge granted Petitioner withholding of removal to Syria and ordered that he be removed to "Any Country Other than Syria." (*See id.*, Ex. B at 3, Ex. C at 3.) On or about March 15, 2023, ICE released Petitioner on an Order of Supervision/Alternatives to Detention ("OSUP/ATD"). (*See id.*, Ex. B at 3, Ex. D.)

On July 22, 2025, Petitioner was charged in Snohomish County District Court with two counts of rape in the third degree and he was thereafter arrested by the Arlington Police Department. (*See* Steveson Decl., Ex. B at 3, Ex. F at 2.) On August 20, 2025, the pending charges were dismissed and the case was closed. (*Id.*, Ex. F at 3.) ICE's Office of Enforcement and Removal Operations ("ERO") obtained records regarding Petitioner's criminal case from the Snohomish County District Court on October 22, 2025. (Baz Decl., ¶ 6.) On October 29, 2025, ICE's Acting Field Office Director in Seattle revoked Petitioner's release, stating in the Notice of Revocation of Release that Petitioner "[had] egregiously violated the terms and conditions of [his] Order of Supervision." (*Id.*, ¶ 8; Steveson Decl., Ex. E.) Petitioner was taken into custody the same day and transferred to NWIPC where he remains.

## II.    LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 4

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    DISCUSSION

#### A.    Due Process

Petitioner argues that Respondents violated his due process rights and failed to comply with their obligations under applicable regulations when they redetained him, thus entitling him to release from detention. (Dkt. # 6 at 25-27.)

The Fifth Amendment forbids the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 522 (1965)). Due process is "flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases). The Court applies the *Mathews* test here.

As to the first *Mathews* factor, Petitioner has a strong liberty interest in not being detained. The Supreme Court has recognized that "[f]reedom from bodily restraint has always

been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Hamdi*, 542 U.S. at 529 (the interest in not being detained "is the most elemental of liberty interests"). This liberty interest exists even when release is conditional. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (collecting cases). Respondents properly acknowledge in their return the "weighty liberty interests implicated by the Government's detention of noncitizens." (Dkt. # 9 at 12 (quoting *Reyes v. King*, 2021 WL 3727614, at *11 (S.D.N.Y. Aug. 20, 2021)).) The Court finds that Petitioner has a strong private interest in his continued liberty and, thus, the first *Mathews* factor weighs in his favor.

As to the second *Mathews* factor, the procedures used to redetain Petitioner created a high risk of erroneous deprivation of his liberty. A noncitizen such as Petitioner who is subject to a final order of removal but has been released from custody may be redetained for failure to comply with the conditions set forth in the order of supervision. 8 C.F.R. § 241.4(l).[2] The regulation provides that upon revocation of the noncitizen's release, the noncitizen "will be notified of the reasons for revocation." 8 C.F.R. § 241.4(l)(1). The regulation further provides that the noncitizen is to be "afforded an initial informal interview promptly after his . . . return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id*. Discretion to revoke a noncitizens' release rests with the Executive Associate Commissioner of ICE or a "district director." 8 C.F.R. § 241.4(l)(2).

---

[2] In their initial briefing the parties identified 8 C.F.R. § 241.13 as the regulation governing Petitioner's redetention. (*See* dkt. # 6 at 11-16, 26; dkt. # 12-1 at 13-14; dkt. # 13 at 9-10.) However, Respondents clarified at the evidentiary hearing that 8 C.F.R. § 241.13 governs release and detention *after* 180 days have passed since issuance of the final order of removal and 8 C.F.R. § 241.4 governs release and detention up to 180 days. Respondents deemed the provisions of 8 C.F.R. § 241.4 applicable to Petitioner because he has not yet been detained for 180 days.

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 6

Here, the record evidence demonstrates that prior to Petitioner's return to custody on October 29, 2025, ERO obtained records confirming that Petitioner had been arrested in July 2025 on charges of rape in the second degree and that he also had a history of violations of the ATD program. (*See* Steveson Decl., Ex. B at 2; Zamora Decl. (dkt. # 17-1), ¶¶ 4-6.) Respondents maintain that Petitioner had 39 recorded violations for missed biometric check-ins and missed callbacks between March 26, 2023, and October 28, 2025, with a majority of the violations (31) being recorded in 2023. (Zamora Decl., ¶ 4, Ex. A.) DO Zamora testified at the evidentiary hearing that she presented these facts through her chain of command on or about October 29, 2025, together with a recommendation that Petitioner be returned to custody. DO Zamora acknowledged during her testimony that though at the time she made her recommendation she was aware the criminal charges against Petitioner had been dismissed, she did not include this information with her recommendation that Petitioner be returned to custody.

DO Zamora's recommendation was first presented to SDDO Hicks, who agreed and recommended a custody redetermination based on Petitioner's recent criminal history and history of ATD violations. (Hicks. Decl., (dkt. # 17-2), ¶ 7.) SDDO Hicks testified at the evidentiary hearing that at that time he made his recommendation, he did not know Petitioner's criminal charges had been dismissed. SDDO Hicks thereafter contacted AFOD Cantrell, informed him of Petitioner's July 2025 arrest on third degree rape charges and history of ATD violations, and recommended revocation of Petitioner's release on OSUP. (Cantrell Decl., ¶ 4.) AFOD Cantrell agreed with the recommendation for revocation and forwarded the recommendation with SDDO Hicks' references to the rape arrest and ATD violations to the Acting Field Office Director for review. (*Id.*, ¶ 5.) AFOD Cantrell testified at the evidentiary hearing that he was not aware the

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 7

rape charge had been dismissed at the time he made his recommendation and he later acknowledged that such a factor is relevant to custody redeterminations.

The Court identifies two deficiencies in the process afforded Petitioner under the applicable regulations. First, it appears clear the regulations contemplate that notification of the reasons for revocation will be provided to the noncitizen in writing. *See* 8 C.F.R. § 241.4(l)(1). The Notice of Revocation provided to Petitioner at the time of his redetention did not identify the purported violations. (Steveson Decl., Ex E.) Respondents offer in response only that DO Zamora verbally advised Petitioner of the nature of the violations during the informal interview conducted following his redetention. (*See* Zamora Decl., ¶ 9.) However, the failure to provide written notice of the violations in accordance with the regulations deprived Petitioner of adequate notice.

In addition, and perhaps more significantly, the testimony adduced at the evidentiary hearing made clear that while DO Zamora was aware Petitioner's criminal charges had been dismissed at the time she recommended he be returned to custody, she did not include this detail in her recommendation. DO Zamora was not the final decisionmaker, and failing to convey this detail up the chain of command deprived the ultimate decision maker of information material to the redetention decision, and thus, deprived Petitioner of a meaningful opportunity to be heard on the issue of redetention. The second *Mathews* factor weighs in Petitioner's favor.

As to the third *Mathews* factor, Respondents argue that the government has "a strong interest in returning noncitizens to custody who violate conditions of release." (Dkt. # 12-1 at 14.) While the Court acknowledges that interest, the government must, at the very least, comply with its own regulations before depriving a noncitizen of his liberty. The record does not support the conclusion that this was done here. There is no evidence that the Acting Field Office

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 8

Director, the individual responsible for making the final decision regarding revocation, was apprised of the fact that the criminal charges filed against Petitioner had been dismissed, and the record before the Court suggests it is unlikely given that neither SDDO Hicks nor AFOD Cantrell were provided this information.

It cannot be the case that the omission of a relevant fact from the record provided to the ultimate decisionmaker satisfies the regulatory requirements. It was incumbent upon the government to ensure that the ultimate decision was made based upon all relevant information and to ensure Petitioner was provided with adequate written notice of the reasons for revocation. Nothing in the record suggests providing Petitioner the notice to which he was entitled and a decision based on all material facts would have in any way impaired the government's strong interest in returning to custody noncitizens who violated the conditions of their release. The third factor therefore weighs in Petitioner's favor as well.

In sum, all three *Mathews* factors weigh in Petitioner's favor and, thus, this Court finds Petitioner should be immediately released from custody. Because the Court deems Petitioner's challenge to his redetention dispositive of this matter, it does not address Petitioner's remaining claims.

### B.      Injunctive Relief

In addition to seeking release from confinement, Petitioner also seeks more specific relief relating to his redetention claim, including that the government be prohibited from redetaining him unless it: (1) obtains a valid travel document for him to a country lawfully designated for removal under the INA; (2) provides a valid travel document to him and his counsel; and (3) offers him the opportunity to leave on his own within two months. (*See* dkt. # 6 at 31.) Petitioner also requests that, if he fails to leave on his own, the government be permitted to redetain him

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 9

"provided it has already made concrete arrangements for him to be put on a flight to a lawfully designated and accepting third country in the reasonably foreseeable future." (*Id*.) Petitioner fails to demonstrate that the expansive relief requested is necessary or appropriate under the circumstances presented here. Petitioner may, of course, pursue additional relief if warranted by future events.

### III.    CONCLUSION

Based on the foregoing, the Court ORDERS:

(1)    Petitioner's petition for writ of habeas corpus (dkt. # 6) is GRANTED in part;

(2)    Respondents shall RELEASE Petitioner from custody **within 24 hours** of the issuance of this Order subject to reasonable conditions of supervision;

(3)    Respondents shall file a notice with the Court confirming Petitioner's release **within 48 hours**.

DATED this 30th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS - 10